### KLEIN v. RUNK.

(Supreme Court, Appellate Division, First Department. February 11, 1909.)

1. EXECUTORS AND ADMINISTRATORS (§ 252*)—CLAIMS AGAINST ESTATE—TRIAL
    IN PROBATE COURT—EVIDENCE.
       On the trial of a claim against a decedent's estate wherein there are
    no pleadings, plaintiff is entitled to a judgment where the evidence before
    the referee shows a liability of decedent to plaintiff.
       [Ed. Note.—For other cases, see Executors and Administrators, Cent.
    Dig. § 903; Dec. Dig. § 252.*]

2. EXECUTORS AND ADMINISTRATORS (§ 207*)—LOANS TO DECEDENT—LIABILITY
    OF ADMINISTRATORS.
       The agreement of decedent in his lifetime, on receiving an accommo-
    dation note from plaintiff to be discounted, to pay and protect the note
    at maturity imposes on decedent a duty which his administrator is bound
    to perform.
       [Ed. Note.—For other cases, see Executors and Administrators, Cent.
    Dig. § 734; Dec. Dig. § 207.*]

3. EXECUTORS AND ADMINISTRATORS (§ 207*)—CLAIMS AGAINST DECEDENT'S
    ESTATE.
       Decedent obtained from plaintiff an accommodation note to be discount-
    ed for decedent's benefit, agreeing to pay the same at maturity. After
    decedent's death, but before maturity, the note was taken up from the
    bank where it had been discounted by decedent and negotiated by de-
    cedent's administrator, and plaintiff paid the note to the holder. Held,
    that plaintiff was entitled to recover the amount against decedent's estate.
       [Ed. Note.—For other cases, see Executors and Administrators, Cent.
    Dig. § 734; Dec. Dig. § 207.*]

Appeal from Order Entered on Report of Referee.

Action by Rudolph Klein against Aurelia E. Runk, as administra-
trix of the estate of Charles E. Runk, deceased. From a judgment
for defendant entered on the report of a referee, plaintiff appeals.
Reversed.

Argued before INGRAHAM, McLAUGHLIN, HOUGHTON,
CLARKE, and SCOTT, JJ.

Charles A. Flammer, for appellant.
Simon Sultan, for respondent.

INGRAHAM, J. The plaintiff presented to the defendant, as ad-
ministratrix of Charles E. Runk, deceased, a claim against the es-
tate that was disputed, whereupon, on the consent of the parties, the
claim was referred to a referee who has reported in favor of the de-
fendant, and from the judgment entered thereon the plaintiff appeals.
In proceedings of this kind, where there are no pleadings when the
evidence taken before the referee shows a liability of the decedent
to the plaintiff, the plaintiff is entitled to judgment.

It appears that the plaintiff was the keeper of a restaurant which
the defendant's testator was in the habit of frequenting; the plain-
tiff and the defendant's testator being on terms of intimacy. On
September 26, 1906, at the defendant's testator's request, the plaintiff

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

gave to him a promissory note for $900, and received from the defendant's testator the following instrument:

"Received from Mr. Rudolph Klein his note for $900, which is an accommodation note, and which I hereby agree to pay and protect at maturity."

The defendant's testator procured this note to be discounted, and when it became due applied to the plaintiff for another note, saying that he would pay $100 on account, and asking for a new accommodation note for $800. This the plaintiff gave, and at the same time the defendant's testator promised to give him another letter in relation to the $800 note, but died within a day or two of making such promise. The new $800 note was discounted by a bank in which the defendant's testator kept an account, and the proceeds were used by the defendant's testator, he paying the $900 note. Some time after the death of the defendant's testator the bank that had discounted the note demanded of defendant a settlement of the accounts between it and the deceased, whereupon the defendant paid to the bank all the money that the deceased owed to it, and received from the bank, among other securities that the bank held belonging to the deceased, this $800 note in question. Subsequently the defendant transferred this note to a third party, who presented it at the bank in which the plaintiff had an account and at which it was payable. That bank paid it and charged it up against the plaintiff's account, whereupon the plaintiff made a claim for the repayment of the amount of this note.

It is claimed by the defendant that the payment to the bank that had discounted the note by the defendant, as administratrix of the deceased, paid the note, and thereby the note became a discharged obligation, and that the plaintiff's remedy is either against the person presenting the note for payment to the plaintiff's bank or of the plaintiff's bank for paying a note which had been discharged by payment. The note, however, when taken up by the defendant from the bank which had discounted it, was not then due, and it is quite true that that note in the hands of the defendant as administratrix could not be enforced against the plaintiff. It would have been good, however, in the possession of a bona fide holder for value without notice, being a negotiable instrument of which the plaintiff was the maker and endorsed by the payee, the defendant's testator, during his lifetime and at his death held by a holder for value. When it again came into the hands of the administratrix she received whatever right to enforce the note that the bank had that discounted it, and while, as administratrix, the note was unenforceable against the plaintiff, I think that a person purchasing it before maturity for value without notice would have been entitled to enforce it. But, however that may be, the defendant's testator by his express promise agreed with the plaintiff that he would pay the note that was then given to him as an accommodation note, and protect it at maturity. Here was a positive obligation by which the plaintiff would be relieved from liability on that note. There can be no doubt, I think, that a failure of the defendant's testator to perform that promise, and which had imposed upon the plaintiff a liability to pay the note, would have entitled the

plaintiff to a judgment against the defendant's testator based, not upon the note or the fact that it was an accommodation note, but upon his express agreement to pay and protect it at maturity. When that note became due it was not paid by the defendant's testator, but to take its place he procured the note now in suit from the plaintiff, promising to give him a corresponding agreement in relation to the new note. But for the fact of his death before he had an opportunity to comply with that agreement I think it may be assumed that the promise would have been complied with. But making the promise, as I look at it, imposed upon the defendant's testator an obligation to comply with the original agreement in relation to the $900 note, and imposed a positive duty upon the defendant's testator which necessarily bound his personal representatives to pay this note and protect it at maturity. All of this proceeding between the defendant as administratrix and the bank that had discounted the note was immaterial. What the defendant's testator had agreed to do was that when this note matured he would pay and protect it. When the note was due, instead of the defendant, as administratrix, paying and protecting it, she put it into circulation so that the holder presented and collected it, and thus the plaintiff has been compelled to pay the note, and is damaged in the amount that he has had to pay in consequence of the violation of the defendant's testator or his administratrix of the agreement under which the note was obtained from the plaintiff.

Entirely irrespective of the provisions of the negotiable instruments law, or the implied obligation of a person who has received from another an accommodation note, it seems to me that under this express agreement a right to recover was disclosed by the evidence for which the plaintiff was entitled to a judgment. The defense to this claim is most unconscionable. The defendant, as administratrix, having received the note as a part of her testator's estate certainly cannot be presumed to have given the note away. In violation of the express agreement of her testator, after the note had come into her hands, she so disposed of it that it became a charge against the plaintiff and was collected from his property. Certainly, under those circumstances, the estate of the testator should be held liable for the injury caused to the plaintiff solely by reason of the violation by the personal representatives of the person who had made the express agreement that he at maturity would pay and protect the note.

I think, therefore, that the decision of the referee was wrong; that the plaintiff was entitled upon the undisputed evidence to judgment; and the judgment should therefore be reversed, and a new trial ordered before another referee, with costs to the appellant to abide the event. All concur.